**SO REPORTED AND RECOMMENDED,** this 3rd day of January, 2017.

## IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION

### MDL No. 2734

United States Judicial Panel on Multidistrict Litigation.

October 3, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in the action listed on Schedule A and pending in

the District of Minnesota and defendants Bristol-Myers Squibb Company, Otsuka Pharmaceutical Co., Ltd., and Otsuka America Pharmaceutical, Inc., jointly move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Florida. This litigation consists of twenty-two actions pending in twelve districts, as listed on Schedule A.[1] The Panel also has been notified of twenty related actions pending in fourteen districts.[2]

All parties support centralization. Movants represent that the non-moving plaintiffs in the actions on the motion consent to centralization in the Northern District of Florida. Plaintiffs in three potential tag-along actions also support centralization in the Northern District of Florida. Plaintiff in a fourth potential tag-along action does not oppose centralization in the Northern District of Florida, but alternatively proposes the District of Massachusetts as a transferee forum.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions share common factual questions arising out of allegations that Abilify (aripiprazole), an atypical anti-psychotic medication commonly prescribed to treat a variety of mental disorders, can cause impulse control problems in users. Plaintiffs in these actions each allege that they experienced compulsive gambling behaviors as a result of taking Abilify. All the actions involve factual questions relating to whether Abilify was defectively designed or manufactured,

---

1. Four additional actions were listed on the centralization motion. Plaintiffs voluntarily dismissed two of these actions, while the other two actions were remanded to state court.

2. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

whether defendants knew or should have known of the alleged propensity of Abilify to cause compulsive gambling behaviors in users, and whether defendants provided adequate instructions and warnings with this product. These common factual issues are sufficiently complex to merit centralized treatment. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We select the Northern District of Florida as the appropriate transferee district for this litigation. Two of the actions on the motion (and two potential tag-along actions) are pending in this district. Given the unanimous support for this district by the parties, we conclude that the Northern District of Florida presents a relatively convenient and accessible transferee forum. We also are convinced that the district has the necessary judicial resources and expertise to efficiently manage this litigation. By selecting the Honorable M. Casey Rodgers to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Florida are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

**MDL No. 2734 — IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION**

### Central District of California

GIBSON, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16–03930

### Eastern District of California

SEARS, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00065

REYNOLDS, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00357

HARPER-MOSLEY v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00609

VICKERS, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00737

### Northern District of California

PAMINTUAN v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16–00254

### Middle District of Florida

CLARKE v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16–00447

REESE v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 8:16–00116

BOWMAN v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 8:16–00117

### Northern District of Florida

PEREZ v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16–00251

VIECHEC, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16–00291

### Southern District of Indiana

MEYER v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00191

District of Maryland

KINDER, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00170

DAVIS v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00171

SCHAAP v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00172

BUTLER, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00173

District of Minnesota

MILEY, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 0:16–00067

Western District of Missouri

LELAND v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 6:16–03023

District of New Jersey

CLARK, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16–01313

Eastern District of Pennsylvania

TRIPLER, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16–00244

Middle District of Pennsylvania

EDGAR, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–00654

BOWMAN, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16–01140